The order below is hereby signed.

Signed: November 12 2024

Elizabeth L. Gunn
U.S. Bankruptcy Judge



# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| In re:<br><br>    Carmen V. Lewis,<br>        Debtor. | Case No. 19-00099-ELG<br>Chapter 13 |
|---|---|
| **Carmichael Walston, as trustee of the 7015 9th Street NW Land Trust, and Carmichael Walston**<br>    Plaintiffs/Counterclaim-Defendants,<br><br>v.<br><br>**Carmen V. Lewis,**<br>    Defendant/Counterclaim-Plaintiff. | Adv. Pro. 23-10021-ELG |

## MEMORANDUM OPINION

The Court has before it the *Motion to Dismiss Counterclaim and Third-Party Complaint* (the "Motion to Dismiss") (ECF No. 18) filed by Carmichael Walston (the "Defendant") in response to the *Counterclaim and Third-Party Complaint* (the "Complaint") (ECF No. 3) filed by Carmen Lewis (the "Debtor") in the above-captioned adversary proceeding (the "Case"). On October 3, 2023, the Court held a hearing (the "Hearing") on the Motion to Dismiss. At the conclusion of the Hearing, the Court issued an oral ruling denying in part the Motion to Dismiss

1

and granting leave to amend the Complaint on the remainder.[1] In partially denying the Motion to Dismiss, the Court finds that the Debtor has standing to bring an cause of action under § 549 for the avoidance of a post-petition transfer.[2] This Memorandum Opinion memorializes the Court's oral ruling as to § 549 standing, and to the extent that there is any inconsistency, this Memorandum Opinion shall control.

## I. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(H). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background[3]

This case involves a family dispute regarding real property at 7015 9th Street NW, Washington, D.C. (the "Property"). At any estimation, there appears to be significant equity in the Property above the balance of the mortgage owed to Ditech Financial LLC ("Ditech"). The factual allegations are detailed and extensive by both sides in their pleadings. However, the facts related to the question answered in this Memorandum Opinion are limited.

On February 13, 2019, the Debtor filed a voluntary petition under chapter 13.[4] Included in the Debtor's assets was a joint tenancy interest in the Property with the Debtor's mother Jacqueline Walston ("Ms. Walston"). The Debtor claimed an exemption in "100%" of the Property under the District of Columbia homestead exemption (D.C. Code Ann. § 15-501(a)(14)).[5] On May 17, 2019,

---

[1] An Order memorializing the same was entered on October 5, 2023. ECF No. 41.
[2] Unless specifically indicated otherwise, all section references are to Title 11 of the United States Code (the "Bankruptcy Code").
[3] The Court does not make any findings of fact herein, accepting as true the well-pled factual allegations in the Complaint for the purposes of the Motion to Dismiss.
[4] Chapter 13 Voluntary Petition for Individuals, *In re Walston*, Case No. 19-00099-ELG (Bankr. D.D.C. Feb. 13, 2019), ECF No. 1. Citations to the docket for the main case, Case No. 19-00099-ELG, will be referred to as "Document Title, Main Case, ECF No.__."
[5] Official Form 106C – Schedule C: The Property You Claim as Exempt, Main Case, ECF No. 12.

2

the Court confirmed[6] the Debtor's third amended chapter 13 (the "Plan"),[7] which provided for the cure of pre-petition arrears on the Property in the amount of $20,205.74. The Debtor was to maintain regular contractual payments directly to Ditech outside of the Plan.

In December 2019, Ditech filed a motion for relief from the automatic stay alleging a default in direct payments by the Debtor beginning in August 2019.[8] The motion was resolved in January 2020 with a consent order requiring ongoing payments.[9] Two months later, the Court approved the Debtor's request for authority to sell the Property free and clear of liens to Dilan Investments.[10] Despite the approval, the sale never occurred, and the Debtor was next before the Court for approval of a loan modification agreement with the mortgage company (now Shellpoint).[11] The modification was finalized in late April 2021.[12]

Unfortunately, in November 2021, after Court approval of the loan modification, Ms. Walston passed away. In February 2022, the Debtor filed amended schedules disclosing receipt of life insurance proceeds from Ms. Walston and asserting a "100%" exemption in those funds under D.C. Code Ann. § 31-4717.[13] After Ms. Walston's passing, and although not evident from the docket in the Debtor's chapter 13 case, there was significant family discord regarding the use and ownership of the Property. The exact nature and character of the family discord during that period are questions of fact that do not need to be determined for purposes of this Memorandum.

Approximately 2.5 years after the death of Ms. Walston, the family discord became evident

---

[6] Order Confirming Third Amended Plan Filed May 6, 2019, Main Case, ECF No. 34.
[7] Third Amended Chapter 13 Plan, Main Case, ECF No. 24.
[8] Motion for Relief from Automatic Stay and Codebtor Stay (Real Property Located at 7015 9th Street, NW, Washington, DC 20012), Main Case, ECF No. 55.
[9] Agreed Order Modifying Stay as it Applies to Real Property, Main Case, ECF No. 62.
[10] Motion for Authority to Sell Real Property of the Debtor's Bankruptcy Estate, Main Case, ECF No. 64; Order Granting Motion for Authority to Sell Real Property of the Debtor's Bankruptcy Estate, Main Case, ECF No. 80.
[11] Motion to Approve Agreement Modifying Note and Security Instrument, Main Case, ECF No. 87.
[12] Order Approving Form of Loan Modification Agreement and Approving Loan Modification Upon Submission of Final Agreement, Main Case, ECF No. 93.
[13] Official Form 106A/B – Schedule A/B: Property, Main Case, ECF No. 100.

in the land records of the District of Columbia. This started on April 25, 2023, when the Debtor recorded a fee simple deed purporting to transfer title of the property from her and her mother as joint tenants to herself as the sole owner.[14] One month later, on May 25, 2023, "Carmichael V. Walston, Power of Attorney for Carmen V. Warren, a/k/a Carmen V. Lewis" filed a "no consideration deed" purporting to transfer title to the Property to "Carmichael V. Walston, Trustee for the 7015 9th Street NW Land Trust".[15] One month later, on June 28, 2023, "Carmen V. Lewis, Trustee for the 7015 9th Street NW Land Trust" recorded a fee simple deed purporting to transfer title to the Property to "Carmen V. Lewis".[16]

On July 17, 2023, "Carmichael Walston, as Trustee of 7015 9th St. NW Land Trust" filed a complaint for declaratory judgment and injunctive relief against the Debtor in the District of Columbia Superior Court designated as 2023-CAB-004263 (the "Superior Court Complaint"). Concurrently therewith, "Carmichael Walston, as Trustee of 7015 9th St. NW Land Trust" recorded a *lis pendens* against the Property in the D.C. land records.[17] On August 8, 2023, the Debtor timely removed the Superior Court Complaint to this Court initiating this Case,[18] and filed counterclaims against both Carmichael Walston and "Carmichael Walston, as Trustee of 7015 9th St. NW Land Trust" (collectively, the "Walston Parties") initiating this adversary proceeding.[19] A second adversary proceeding was filed against the Debtor and the chapter 13 trustee by Carmichael Walston and "Carmichael Walston, as Trustee of 7015 9th St. NW Land Trust" (AP. No. 23-10026-ELG) (the "Second AP").[20] By order entered October 5, 2023, the Second AP was

---

[14] Complaint, Ex. C., ECF No. 3–3.
[15] *Id.* at Ex. E, ECF No. 3–4.
[16] *Id.* at Ex. G, ECF No. 3–7.
[17] *Id.* at Ex. J, ECF No. 3–9.
[18] Notice of Removal, Walston v. Lewis, AP No. 23-10021-ELG (Bankr. D.D.C. Aug. 9, 2023), ECF No. 1.
[19] *See* Complaint, ECF No. 3.
[20] Compl. to Impose Constructive Trust, for Specific Perf. of Contract, Unjust Enrichment, Inj. and Other Equitable Relief, and for Dec. J., *Walston v. Lewis*, AP No. 23-10026-ELG (Sept. 5, 2023), ECF No. 1.

4

consolidated with this Case.[21]

The Debtor's counterclaim seeks, in part, the avoidance of one or more post-petition transfers of the Property under § 362 and/or § 549(a). As a threshold question, the Walston Parties argue that the Debtor, as a chapter 13 debtor, does not have standing to bring an action seeking relief under § 549. For the reasons set forth herein, the Court finds that a chapter 13 debtor has standing to file an action for avoidance of a post-petition transfer under § 549.

### III.   Discussion

*i.   Debtor's Standing Under § 549*

The question of whether a chapter 13 debtor has standing to bring an action under § 549 is a matter of first impression in this District. The Walston Parties argue that the Court should follow three prior decisions of this Court, which they contend hold that a chapter 13 debtor cannot seek to avoid a post-petition transfer under § 549. *See Johnson v. 408 Richwood, LLC (In re Johnson)*, Case No. 19-00138, AP No. 19-10015, 2019 Bankr. Lexis 2947 (Bankr. D.D.C. Sept. 20, 2019) (debtor lacks authority to avoid pre-petition transfers except as authorized under § 522(h)); *In re Turner,* 490 B.R. 1 (Bankr. D.D.C. 2013) (same); *Dawson v. Thomas (In re Dawson)*, 411 B.R. 1 (Bankr. D.D.C. 2008) (same). Each of the cases relied upon by the Walston Parties solely involved questions regarding a debtor's standing to bring an action to recover pre-petition transfers under § 548. *See Johnson*, 2019 Bankr. Lexis 2947 at *10; *Turner*, 490 B.R. at 2–3; *Dawson*, 411 B.R. at 24.

Despite being presented solely with the question of pre-petition transfers, the *Turner* and *Dawson* opinions each stated that "a chapter 13 debtor cannot exercise a trustee's avoidance powers except to the extent authorized by 11 U.S.C. § 522(h)" without any consideration of the

---

[21] Order Consolidating Cases, *Walston v. Lewis*, AP No. 23-10026-ELG (Oct. 5, 2023), ECF No. 10.

5

difference and distinction between pre- and post-petition transfers in chapter 13. *Turner*, 490 B.R. at 3; *Dawson*, 411 B.R. at 24. Therefore, while acknowledging but not adopting the analysis of the prior cases, the Court finds that the conclusion in each of the prior cases as to a chapter 13 debtor's ability to commence post-petition avoidance actions under § 549 is dicta and unpersuasive. The question of a chapter 13 debtor's standing to avoid post-petition transfers remains one of controversy at the bankruptcy and first level appellate review, although no circuit court has considered the issue.

The conflict arises from the language of chapter 13. More specifically, the Bankruptcy Code in chapter 13 does not expressly authorize any party—neither the chapter 13 debtor, chapter 13 trustee, nor otherwise—to exercise avoiding powers. *See Houston v. Eiler (In re Cohen)*, 305 B.R. 886, 893 (9th Cir. B.A.P. 2004). In contrast, the Bankruptcy Code clearly confers standing on trustees in chapter 7 and debtors in possession in chapters 11 and 12 (subject to exceptions not relevant here) to pursue avoidance actions. *See* 11 U.S.C. §§ 544, 704, 1106, 1202, 1203. Thus, courts finding that a chapter 13 debtor lacks standing to pursue avoidance actions find that the omission to provide a chapter 13 debtor with similar specific authority reflects Congressional intent to deny such standing. *See, e.g.*, *Kalesnik v. HSBC Bank USA, N.A.*, 571 B.R. 491, 495–98 (Bankr. D. Mass. 2017); *Cohen*, 305 B.R. at 893 (discussing cases); *In re Lee*, 432 B.R. 212, 215 (D.S.C. 2010); *Funches v. Household Fin. Consumer Disc. Co. (In re Funches)*, 381 B.R. 471, 496 (Bankr. E.D. Pa. 2008); *In re Binghi*, 299 B.R. 300 (Bankr. S.D.N.Y. 2003); *Holcombe v. Debis Fin. Servs., Inc. (In re Holcombe)*, 284 B.R. 141, 145(Bankr. N.D. Ala. 2001); *In re Driver*, 133 B.R. 476, 478 (Bankr. S.D. Ind. 1991). However, when considered in conjunction with § 1303 and the enumerated duties of a chapter 13 trustee, such reading results in there being no "authorized" party to pursue avoidance actions in a chapter 13 case. *See* 11 U.S.C. § 1302 (excluded from the

6

exclusive duties of a chapter 13 trustee is the § 704(a)(1) duty to collect and reduce to money property of the estate); *see also Cohen*, 305 B.R. at 893–900 (extended discussion of chapter 13 debtor standing to bring avoidance actions).

This Court agrees with the courts finding that the exclusive duties listed in § 1302 conferred upon a chapter 13 trustee and the duties listed in § 1303 as exclusive authority for chapter 13 debtors does not imply that there are no other powers over which the debtor and chapter 13 trustee have concurrent authority. *See Cohen*, 305 B.R. at 894 (citing the Congressional Record for the proposition that the list of exclusive powers in § 1303 "does not imply that the debtor does not also possess other powers concurrently with the trustee."). Post-petition, the chapter 13 debtor retains possession of property of the estate not otherwise provided for in their chapter 13 plan, and they have the exclusive right to use, sell, or lease such property of the estate, subject to court approval. 11 U.S.C. §§ 363, 1306(b). A chapter 13 debtor is required to provide for either full payment of all claims or payment of all of their projected disposable income for a period of three to five years. 11 U.S.C. § 1322. In either event, the debtor's chapter 13 plan must pay creditors at least as much as they would receive in a chapter 7 case. 11 U.S.C. § 1325(a)(4). In order to fulfill this commitment, a chapter 13 debtor has the option to fund their plan by the sale of property of the estate.

But what happens when property of the estate is transferred or used post-petition without court approval, especially if such property of the estate is necessary for funding the debtor's plan? Without the authority to pursue recovery of such post-petition transfers, the debtor and the estate could be raided of assets without any clear recourse to recover the same. Section 549 allows for the recovery of unauthorized post-petition transfers of property of the estate, and property recovered thereunder is automatically preserved for the benefit of the estate. 11 U.S.C. §§ 549,

551. The duty to collect property of the estate in chapter 13 is not exclusive to the chapter 13 trustee, and the debtor has the duty to remain in possession of such property of the estate while the case is pending. Furthermore, the debtor has the exclusive right to file a chapter 13 plan, while the trustee has the duty to appear and be heard at the hearing on confirmation of that plan. 11 U.S.C. §§ 1302(b)(2), 1321. If recovery of a post-petition transfer is necessary for the confirmation of a chapter 13 plan, then there must be authority for such actions to be brought in a chapter 13 case. Because neither the chapter 13 trustee nor the debtor are conferred with the exclusive authority to file such actions, this Court finds that each party holds concurrent authority to file a § 549 action.

Therefore, for the reasons stated on the record at the Hearing and as more fully articulated herein, the Court finds that the Debtor has standing to file an action under § 549 to recover an unauthorized post-petition transfer of property of the estate.

[Signed and dated above.]

Service to: recipients of electronic notice.